## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAVAN DELGADO | * | C.A. No.: |
| | * | |
| Plaintiff, | * | |
| | * | **TRIAL BY JURY DEMANDED** |
| v. | * | |
| | * | |
| PERDUE FARMS, INC., a foreign corporation, | * | |
| | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

1. Plaintiff Lavan Delgado ("Plaintiff") is a United States citizen who resides at 1915 Delsea Dr., Sewell, New Jersey 08080.

2. Defendant Perdue Farms, Inc. ("Defendant") is a foreign corporation doing business in Delaware, whose registered agent is The Corporation Trust Center, 1209 N. Orange St., Wilmington, DE 19801.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of 42 U.S.C. § 1981.

4. Plaintiff brings this action under the Delaware Whistleblower's Protection Act as codified at 19 *Del. C.* § 1701 *et seq.*, and the Civil Rights Act of 1991 as codified at 42 U.S.C. § 1981 to redress the wrongs done to him by Defendant's discrimination against him on the basis of his race.

5. Plaintiff is Hispanic.

1

6. Defendant is liable for the actions of its agents as set forth in this complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of its agents' actions by Defendant.

7. Prior to beginning employment with Defendant, Plaintiff had thirty-five years of experience in the automotive industry, twenty-five years of which were in the fleet industry.

8. Plaintiff began employment with Defendant as a Garage Supervisor on or about September 5, 2017, working on the night shift, and he continued in his employment with Defendant until Defendant wrongfully terminated Plaintiff on or about October 3, 2018.

9. At all times relevant to this Complaint, Plaintiff was qualified for his job position and satisfactorily performed all duties of his job position, receiving a very good review after his first six months of employment and received a $2,000 per year raise in September 2018.

10. During the period of his employment, Plaintiff was subjected to differential treatment and harassment on the basis of his race by agents of the Defendant, including but not limited to the following:

    a. After he was hired and moved from New Jersey to Delaware, Plaintiff learned that other new non-Hispanic employees were offered incentives and moving expenses that were not offered to him.

     b.    Plaintiff was trained by William Hitch (Caucasian), a first shift supervisor, but when Plaintiff submitted reports completed as instructed by Hitch or completed by Hitch, the reports were rejected even though identical reports submitted by Hitch were not rejected.

     c.    On or about July 27, 2018, Plaintiff was unfairly put on a Performance Development Plan, supervised by Robert Lockwood (African-American).

     d.    After Plaintiff complained to supervisor Lockwood about falsified work orders (charging employee time to work on vehicles when employees were doing unproductive work), Lockwood began constantly harassing Plaintiff about his work;

     e.    Plaintiff attempted to contact Jeffrey Mitchell (Caucasian), fleet manager, about his concerns regarding non-productive work being charged to vehicles, but Mitchell did not respond.

     f.    Plaintiff requested a peer review in accordance with Perdue procedures, but the review was never granted.

11.    The reason proffered by Defendant for Plaintiff's termination was false and pretextual and intended to mask the true reasons for Plaintiff's termination, *i.e.*, Plaintiff's report to Lockwood that other managers were improperly charging non-productive employee hours as time worked on vehicles.

12. The reason proffered by Defendant for Plaintiff's termination was false and pretextual and intended to mask the true reasons for Plaintiff's termination, *i.e.*, discrimination and retaliation against Plaintiff on the basis of his race.

13. The wrongful acts committed by Defendant, acting by and through its agents, as stated hereinabove, were willful, wanton, and committed in bad faith.

14. As a direct result of the actions of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

## COUNT I – DELAWARE WHISTLEBLOWERS' ACT

15. Plaintiff hereby restates and reincorporates by references paragraphs 1 through 14 hereinabove.

16. At all times relevant hereto, Plaintiff was an employee of Defendant, as defined by 19 *Del. C.* § 1702(1).

17. At all times relevant hereto, Defendant was an employer as defined by 19 *Del. C.* § 1702(2).

18. Plaintiff alleges that his supervisor, Robert Lockwood, knowingly allowed other managers to improperly charge non-productive employee work time as time worked on vehicles.

19. Plaintiff reported the violation to Lockwood and to Fleet Manager Jeffrey Mitchell.

20. Defendant then discharged Plaintiff in violation of 19 *Del. C.* § 1703. for reporting the aforementioned violation.

WHEREFORE, pursuant to 19 Del. C. § 1704, Plaintiff demands judgment against the Defendant for:

a. back pay, including interest;

b. reinstatement, if feasible, or in the alternative, front pay;

c. compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d. pre-judgment and post-judgment interest;

e. attorney's fees; and

f. any other relief that this Court deems just.

## COUNT II - 42 U.S.C. § 1981

21. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 20 hereinabove.

22. By committing the aforementioned acts, and specifically by discriminating against Plaintiff on the basis of his race, Defendant has violated 42 U.S.C. § 1981.

23. By committing the aforementioned acts, including subsequent termination, Defendant has created a hostile work environment and retaliated against Plaintiff on the basis of his race.

24. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a) back pay, including interest;

b) reinstatement, if feasible, or in the alternative, front pay;

c) compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d) punitive damages;

e) pre-judgment and post-judgment interest;

f) attorney's fees; and

g) any other relief that this Court deems just.

h)

[SIGNATURE PAGE FOLLOWS]

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
      William D. Fletcher, Jr., Esq. (#362)
      Gary E. Junge, Esq. (#6169)
      414 S. State Street
      P.O. Box 497
      Dover, DE 19901-0497
      (302) 674-0140
      Attorneys for Plaintiff

DATED: 12/17/20